FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 15 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOEL ANGUERIRA,

                Plaintiff,                  **MEMORANDUM
                                                      DECISION AND ORDER**
       -against-                        17–CV–6099 (AMD)

NANCY A. BERRYHILL ACTING
COMMISIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff, Noel Anguerira,[1] brings this action challenging the Social Security Commissioner's decision that he was not disabled for the purposes of receiving Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act. On April 29, 2014, the plaintiff applied for SSDI benefits alleging disability as of November 13, 2013 due to back injuries and arthritis that stemmed from an accident at his prior job as a mechanic. (Tr. 31–32, 54, 57.) The plaintiff's application was denied, and on June 1, 2016, Administrative Law Judge ("ALJ") Sharda Singh conducted a hearing at which the plaintiff and a vocational expert testified. (Tr. 26–53.) On August 10, 2016, the ALJ denied the plaintiff's claim, finding that he was not disabled "within the meaning of the Social Security Act since April 29, 2014, the date the application was filed." (Tr. 12–22.) The ALJ found that the plaintiff had severe impairments—lumbar and cervical spine impairments, and depressive and anxiety disorders—but that his impairments, separately or in combination, did not meet or equal the severity of one of the listed impairments in the Social Security Regulations. (Tr. 14–16.) The ALJ found that

---

[1] The complaint states that the plaintiff's last name is "Anguerira;" however, the record before the ALJ states that his last name is "Angueira." (*See, e.g.*, Tr. 12, 26.)

the plaintiff had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 416.967(b)," as long as the plaintiff did not stand or walk for more than four hours, sit for six or more hours, climb ladders, ropes or scaffolds, or climb ramps and stairs more than occasionally. (Tr. 16.) Moreover, the plaintiff should "carry[] out simple, routine, repetitive, and non-complex tasks," and have only occasional contact with supervisors, co-workers, and the public. (*Id.*) Given the plaintiff's RFC, ALJ Singh found that the plaintiff could work as a key cutter, lamination inspector, or investigator of dealer accounts, all of which exist in significant numbers in the national economy. (Tr. 21–22.) The plaintiff appealed the ALJ's decision to the Appeals Council, and on October 3, 2017 the Appeals Council denied the plaintiff's request for review. (Tr. 1–4.) On October 16, 2017, the plaintiff appealed the final ALJ decision to this Court. (ECF No. 1). For the reasons set forth below, I deny the Commissioner's motion for judgment on the pleadings, and grant the plaintiff's cross-motion.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld "even if there also is substantial evidence for the plaintiff's position." *Cerqueira v. Colvin*, No. 14–CV–1134, 2015 WL 4656626, at *11 (E.D.N.Y. Aug. 5, 2015)

(citations omitted). A district judge may not "substitute its own judgment for that of the [ALJ]," even if it would have made a different decision. *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." *Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (citation omitted).

The plaintiff claims that the ALJ did not develop the record; he argues that the ALJ should have sought "a complete file of psychiatric treatment records" from the plaintiff's treating psychiatrist. (ECF No. 18 at 8.) I agree. When there is a gap in the record, the Commissioner has an affirmative duty to seek additional evidence. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (the Commissioner has an affirmative duty to seek out additional evidence where there are gaps in the administrative record) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) ("[E]ven if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from Dr. Jobson *sua sponte*.")).

The plaintiff first sought treatment for his depression, insomnia, and anxiety in July of 2015; a psychiatrist at the Glenwood Mental Health Clinic diagnosed the plaintiff with depressive and pain disorder, and noted that he had a "depressed, anxious, and constricted" mood and affect. (Tr. 490–91.) The doctor prescribed Lexapro, a serotonin inhibitor, and Trazodone, a sedative and antidepressant, to treat the plaintiff's depression and anxiety. (Tr. 490.) The plaintiff also received psychiatric treatment once a month, and psychotherapy every week. (*Id.*) Based on the plaintiff's testimony and the Glenwood psychiatric report, the ALJ found that the plaintiff's depressive and anxiety disorders were severe impairments at the step two analysis. (Tr. 14.)

3

The ALJ concluded that the plaintiff had severe mental impairments, but that the impairments did not meet the severity in the Social Security Regulations. (*Id.*) The ALJ acknowledged that "the record does not contain any mental health treatment notes" (Tr. 20), and the Commissioner concedes that the ALJ relied on a "limited" record when she made her determination about the severity of the plaintiff's mental impairments because the only psychiatric history is a single medical source statement (ECF No. 22 at 19). There is a clear gap in the record, which the ALJ was obligated to develop. *See Rosa*, 168 F.3d at 79 ("[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or . . . by a paralegal.'" (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). The case is remanded for the ALJ to obtain and review the plaintiff's psychiatric treatment notes; once the ALJ acquires the notes, she should also reconsider whether the treating psychiatrist's opinion deserves little weight.[2]

The plaintiff also argues that ALJ Singh did not provide "a detailed rationale spelling out the reasons for the weight assigned to each report." (ECF No. 18 at 9.) On remand, the ALJ should also reconsider the weight she assigned the medical opinions, specifically that of Dr. Butala, the plaintiff's treating physician since 2008, to which she only accorded some weight. When the ALJ does not give a treating physician's opinion controlling weight, she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted). Key factors that the ALJ "must consider" include:

---

[2] To the extent the plaintiff also argues that the ALJ should have obtained additional records about the plaintiff's back pain, this claim is without merit. The record includes over 150 pages of treatment notes, from January of 2014 through December of 2015, from the plaintiff's treating physician, Dr. Darshani Butala, including notes from physical therapy appointments that Dr. Butala prescribed. (*See* Tr. 329, 344.)

4

(i) The frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other facts brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d. Cir. 2004). ALJ Singh explained that she gave Dr. Butala's opinion only some weight because Dr. Butala did not specify "how much the claimant could stand, walk or sit" (Tr. 18–19); however, in her medical source statement, Dr. Butala opined that the plaintiff could stand and walk for up to six hours a day and sit less than six hours. (Tr. 246.) The ALJ's failure to give "good reasons" for the weight assigned to a treating physician's opinion constitutes a ground for remand. *See* 20 C.F.R. § 404.1527(c)(2); *Halloran*, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion."); *Fontanez v. Colvin*, No. 16-CV-01300, 2017 WL 4334127, at *18 (E.D.N.Y. Sept. 28, 2017) (same).

In addition, the plaintiff applied for disability beginning on November 13, 2013, but the ALJ did not determine whether the plaintiff was disabled between November 13, 2013 and April 29, 2014; the ALJ only found that the plaintiff was not disabled starting on April 29, 2014. (Tr. 12, 22.) Moreover, the ALJ did not determine when the plaintiff was last insured. "To be eligible for disability benefits under Title II of the Act, a claimant must have been insured within the meaning of 42 U.S.C. § 423(c) at the onset date of his or her disability . . . ." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). Once a person gains fully insured status, a claimant is "insured for disability insurance benefits in any month if . . . he had not less than 20 quarters of coverage during the 40–quarter period which ends with the quarter in which such month

occurred." 42 U.S.C. § 423(c)(1); *see Collier v. Barnhart*, 473 F.3d 444, 447 (2d Cir. 2007).[3] On remand, the ALJ should clarify when the plaintiff was last insured, and whether the plaintiff was disabled between November of 2013 and April of 2014.

## CONCLUSION

Accordingly, the Commissioner's motion for judgment on the pleadings is denied, and the plaintiff's cross-motion is granted. The case is remanded for proceedings consistent with this opinion. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 15, 2019

---

[3] Although neither party raised these issues, I remand this action on these grounds *sua sponte*. *See Gjeci v. Comm'r of Soc. Sec.*, No. 13–CV–6539, 2014 WL 3408263, at *8 (S.D.N.Y. July 7, 2014); *Clark v. Callahan*, No. 96–CV–3020, 1998 WL 512956, at *1 (S.D.N.Y. Aug. 17, 1998).